

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SA:DKK
F.# 2015R00424

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 9, 2015

<u>By ECF and Hand</u>

Michael Schneider, Esq.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

      Re:    <u>United States v. Ciaston</u>
            <u>Criminal No. 15-CR-120 (PKC)</u>

Dear Mr. Schneider:

      Enclosed please find the government's first production of discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.    <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendant</u>

          Enclosed are:

          1.   redacted excerpts of handwritten notes reflecting, in sum and substance, statements voluntarily made by the defendant to law enforcement on or about February 25, 2015, Bates-numbered CIASTON000001-000005;

          2.   redacted excerpts of reports reflecting, in sum and substance, statements voluntarily made by the defendant to law enforcement on or about February 25, 2015, Bates-numbered CIASTON000006-000014;

          3.   a "Consent to Search" form signed by the defendant on February 25, 2015, Bates-numbered CIASTON000015; and

        4. an "Advice of Rights" form completed and signed by the defendant on February 25, 2015, Bates-numbered CIASTON000016.

    B.    The Defendant's Criminal History

Information about the defendant's criminal history is contained in the enclosed document, Bates-numbered CIASTON000017-000024.

    C.    Documents and Tangible Objects

Enclosed is a copy of each of the following documents: (i) copies of various documents taken from the defendant on February 25, 2015, Bates-numbered CIASTON000025-000027; (ii) pages of the defendant's passport, Bates-numbered CIASTON000028-000029; (iii) photographs of the defendant, taken on February 25, 2015, Bates-numbered CIASTON000030-000032; (iv) a copy of the defendant's New Jersey driver's license, Bates-numbered CIASTON000033; (v) photographs of the defendant's suitcase, taken on February 25, 2015, Bates-numbered CIASTON000034-000038; and (viii) law enforcement reports about the seizure of narcotics on February 25, 2012, Bates-numbered CIASTON000039-000040.

The government hereby advises the defendant that certain property was taken from the defendant by law enforcement on February 25, 2015.  Some property was later released to a friend of the defendant's.  You may examine any property still retained by the government, and any other physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

    D.    Reports of Examinations and Tests

The government understands and will comply with its obligations under Fed. R. Crim. P. 16(a)(1)(F) to permit the defendant to inspect and to copy the results or reports of physical or mental examinations and of scientific tests or experiments.

    E.    Summary of Expert Testimony

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

F. <u>Brady and Giglio Material</u>

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny. Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

G. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.       Future Discussions

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

                              Very truly yours,

                              LORETTA E. LYNCH
                              United States Attorney

                     By:  /s/ David K. Kessler
                              David K. Kessler
                              Assistant U.S. Attorney
                              (718) 254-7202

Enclosures (CIASTON000001-000040)

cc:      Clerk of the Court (PKC) (by ECF) (without enclosures)